# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

VICTOR DONALDSON KANE, JR. and      Case No. 10-11134-RGM
SUSAN WARFIELD BUTLER KANE,          (Chapter 7)

      Debtors.

## MEMORANDUM OPINION AND ORDER

THIS CASE was before the court on July 12, 2011, on the debtors' motion to reopen the case so that they may list creditors they had inadvertently omitted. The motion will be denied because it is unnecessary. The obligations to the unscheduled creditors are discharged notwithstanding that they were inadvertently omitted. *In re Alexander*, 300 B.R. 650 (Bank.E.D.Va. 2003); *In re Willard*, 190 B.R.70 (Bankr.E.D.Va. 1995); *In Re Hunter*, 116 B.R. (Bankr.D.D.C, 1990); *In re Showalter*, 1994 WL 876416 (Bankr.E.D.Va. 1994). *Cf. In re Geris*, 240 B.R.288 (Bank.W.D.Va. 1999) (asset case in which a bar date was set).

Section 523(a)(3)(A) of the Bankruptcy Code provides that an obligation to an unscheduled creditor will be discharged unless the creditor did not receive notice of the filing of the petition in sufficient time to file a timely proof of claim. However, if the claim is of the type described in §523(a)(2), (4), or (6) (a claim based on fraud, embezzlement, larceny, defalcation while acting in a fiduciary duty, or a willful and malicious injury), the creditor must also receive notice of the filing of the petition in sufficient time to file a complaint to determine the dischargeability of the debt.

This case was a "No Asset" case. This means that the trustee did not recover any assets that he could distribute to unsecured creditors. The court does not set bar dates to file proofs of claims

1

unless the trustee believes that there may be assets available to distribute to creditors and requests a bar date be set. In this case, no bar date was set. Without a bar date, a creditor may file a timely proof of claim at any time and, unless the claims are claims set forth in §523(a)(2), (4), or (6), they are discharged.

If an unlisted creditor asserts that its debt was not discharged because it falls within §523(a)(2), (4), or (6), the case would be reopened to determine whether the debt fell within those provisions. No such assertion has been made.

The obligations due to Raymond James Financial Services, Inc., and Citigroup Global Market, the unlisted crditors, are discharged notwithstanding that they were not scheduled, unless they fall within the provisions of §363(a)(2, (4) or (6).

DONE at Alexandria, Virginia, this 13th day of July, 2011.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy mailed to:

Victor D. Kane, Jr.
Susan W. Kane
3009 Waterford Way East
Richmond Va. 23233

Raymond James Financial Services, Inc.
880 Carillon Parkway
St. Petersburg, Florida 33716

Citigroup Global Market
920 Broadway
New York, New York 10010                    16984